# Third District Court of Appeal

## State of Florida

Opinion filed June 29, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2233
Lower Tribunal No. 17-292
_____

**Felix Montalvo,**
Appellant,

vs.

**Deutsche Bank National Trust Company, etc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Marrero, Chamizo, Marcer Law LP, and Julio C. Marrero, for appellant.

Lapin & Leichtling, LLP, and Jonathan R. Rosenn, for appellee.

Before LINDSEY, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Felix Montalvo, challenges an order enforcing a settlement agreement upon the motion of appellee, Deutsche Bank National Trust Company, in the underlying foreclosure action. On appeal, Mr. Montalvo contends the trial court erred in determining he breached the agreement by failing to tender a sum certain no later than five days before the stipulated judicial sale date or surrender the premises by or on the same date. Discerning no error, we affirm the well-reasoned order under review.

## BACKGROUND

In early 2017, the Bank filed a successive foreclosure lawsuit against Julio Rodriguez and Berta Montalvo. The operative complaint alleged that Mr. Rodriguez defaulted on a promissory note secured by a mortgage, and Ms. Montalvo might assert a claim of ownership by virtue of a quitclaim deed granting an interest in the mortgaged property. After the Bank filed suit, Ms. Montalvo died, and her son, Mr. Montalvo, was identified as a potential heir by a court-appointed guardian ad litem. The Bank subsequently amended the complaint to add all potential heirs.

The lower court set the matter for trial. On the day of trial, Mr. Montalvo and the Bank stipulated to the entry of a consent final judgment reflecting an extended sixty-day judicial sale date. By separate written settlement agreement, the parties further agreed to the following:

2

**Consent Judgment of Foreclosure With 60 Day Sale Date, With Felix Montalvo to Pay the Trust the Sum of $360,000 At Least 5 Days Before the Sale Date in Exchange for the Trust's Vacating the Final Judgment and Releasing Its Mortgage**

Felix Montalvo hereby consents to entry of a Final Judgment of Foreclosure in favor of the Trust, in the amount claimed to be due by the Trust, and shall so inform the Court at the trial set for September 27, 2019. The parties shall request that the Court enter final judgment of foreclosure with a sale date no earlier than 60 days from the date of judgment. Felix Montalvo shall then have until 5 days before the sale date to pay the Trust the sum of $360,000, payable to Select Portfolio Servicing, Inc., in exchange for the Trust and Felix Montalvo jointly moving to vacate the final judgment of foreclosure and the Trust submitting for recording a release of its mortgage within 60 days of the clearance of the $360,000 in settlement funds.

In the event the funds remained unpaid, the agreement additionally required Mr. Montalvo to relinquish possession of the property on or before the sale date "without damage, free of accumulations or debris, with fixtures intact, [and] reasonable wear and tear excepted."

Mr. Montalvo failed to tender the funds or vacate the premises. Instead, he waited until the morning the sale was slated to occur to file a notice of removal to federal court, thereby divesting the trial court of jurisdiction to proceed with the sale. Finding no basis for removal, the federal court promptly remanded the case back to state court. Mr. Montalvo then

agreed to the entry of an order awarding sanctions to the Bank, pursuant to Federal Rule of Civil Procedure 11.[1]

After the case was remanded, the Bank filed a motion to enforce the settlement agreement. The trial court convened an evidentiary hearing, at the conclusion of which it found that by failing to pay the negotiated amount six days before the scheduled sale date or surrender the property, Mr. Montalvo breached the settlement agreement and forfeited his right to redeem the property at the reduced price. The instant appeal ensued.

## STANDARD OF REVIEW

A trial court's construction of a settlement agreement presents a pure issue of law, implicating the de novo standard of review. Tavarez v. Nu-Way Towing Serv., Inc., 326 So. 3d 133, 135 (Fla. 3d DCA 2021).

## ANALYSIS

Settlement agreements are interpreted and governed by the same legal principles applicable to other contracts. Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985). As with any contract, in the absence of ambiguity, the intent of the parties is gleaned from the plain language of the agreement. See Andersen Windows, Inc. v. Hochberg, 997 So. 2d 1212,

---

[1] Rule 11 is the comparable federal counterpart to section 57.105, Florida Statutes (2022).

4

1214 (Fla. 3d DCA 2008); Aleman v. Gervas, 314 So. 3d 350, 352 (Fla. 3d DCA 2020); Beach Towing Servs., Inc. v. Sunset Land Assocs., LLC, 278 So. 3d 857, 860 (Fla. 3d DCA 2019).

In the instant case, the parties stipulated to the entry of the final judgment and directed the trial court to affix the agreed sixty-day judicial sale date. The time frame of the sale is referenced multiple times within the settlement agreement. Accordingly, even the most cursory reading of the documents yields the inescapable conclusion that the date, exceeding the time otherwise afforded to a debtor under Florida law, was part and parcel of the negotiated terms. See § 45.031(1)(a), Fla. Stat. (2022) ("In the order or final judgment, the court shall direct the clerk to sell the property at public sale on a specified day that shall be not less than 20 days or more than 35 days after the date thereof, on terms and conditions specified in the order or judgment. A sale may be held more than 35 days after the date of final judgment or order if the plaintiff or plaintiff's attorney consents to such time.").

Mr. Montalvo contends, however, that the postponement of the sale extended the purchase window in the settlement agreement. This argument is unpersuasive. Neither the settlement agreement nor the final judgment anticipates such an extension. On the contrary, the agreement authorizes an exercise of the short-pay option "until [five] days before the sale date."

5

Had the parties wished to expand the purchase time frame to account for a postponement of the sale, they could have easily included language leaving the option open "until [five] days before the sale," rather than the "sale date." Consequently, we conclude that such an interpretation would defeat the intent of the parties by producing the absurd result of prolonging the purchase option at the whim of Mr. Montalvo.

Finally, irrespective of which interpretation of the agreement is correct, the result is necessarily the same. By the time Mr. Montalvo removed the case to federal court and obtained a postponement of the sale, the critical compliance period of "until [five] days before the sale date" had already expired. As he had not yet tendered the funds, he forfeited the right to avail himself of the short-pay provision. Because he further failed to surrender the property by or on the original sale date, he materially breached the settlement agreement.

Accordingly, we discern no error in the determination below and affirm in all respects.

Affirmed.